UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   Case Number 14-20250

    Plaintiff,

-vs-   Hon. ROBERT H. CLELAND

YOUSIF AL-HASSAN,

    Defendant.

_____/

# GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. §3582(c)(1)(A)

## I.  Background

Yousif Al-Hassan and Ali Abdallah committed a series of armed robberies at local gas stations in Detroit, Michigan. On January 18, 2014, Defendant Al-Hassan trained an assault rifle on an employee and threatened to shoot customers who were patronizing a Citgo. Al-Hassan stormed the service counter and stole cigarettes and cash. The duo struck again on February 5, 2014. Al-Hassan and Abdallah entered the Obama gas station. Al-Hassan brandished a firearm and ordered the clerk to give him access to the cash register. The clerk complied out of fear for his life. Al-Hassan stole money, cigarettes, and lottery tickets.

As a result of his conduct, Al-Hassan was charged and later convicted on two counts of interference with commerce by robbery, a violation of Title 18, United States Code, Section 1951, and two counts brandishing a firearm during and in relation to a crime of violence, a violation of Title 18, United States Code, Section 924(c)(1)(A). (*Plea Agreement, ECF No. 28*). At the time Al-Hassan was sentenced, he faced a mandatory minimum sentence of 7 years for his first 924(c) conviction and a mandatory consecutive sentence of 25 years for his second 924(c) conviction. Although his sentencing guideline range was 417-425 months (*Id., Page ID 93*), Al-Hassan received a variance and he was sentenced to 222 months in federal prison. (*Judgment of Sentence, ECF No. 34*).

On February 22, 2021, Al-Hassan filed a motion to reduce his sentence. There, he essentially complains that the Fair Sentencing Act should be retroactive. (*Defendant's Motion, ECF. 52*). Al-Hassan believes the legislative change, his youth, and rehabilitative efforts qualify as extraordinary and compelling reasons to grant his motion under Title 18, United States Code, Section 3582(c)(1)(A). For the reasons that follow, this request must be denied.

## II. Al-Hassan has not shown an extraordinary and compelling reason for compassionate release.

Compassionate release would be improper because Al-Hassan has not satisfied the statutory requirement of showing that "extraordinary and compelling reasons" warrant a sentence reduction. That statutory requirement means that a defendant's reasons for release must satisfy two strict criteria. 18 U.S.C. § 3582(c)(1)(A)(i). The defendant's reasons must be "extraordinary"—meaning exceptional or uncommon. *United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020); *United States v. Sapp*, No. 14-CR-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020). The reasons must also be "compelling"— meaning "so great that irreparable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3. A defendant must establish both criteria to satisfy the statute's eligibility threshold. Al-Hassan has satisfied neither.

The First Step Act's non-retroactive changes to § 924(c)'s stacking requirements do not qualify as "extraordinary and compelling reasons" for release. Congress expressly opted not to make those changes retroactive to defendants, like Al-Hassan, who had already been sentenced when the First Step Act was enacted. *First Step Act § 403(b)*

(Dec. 21, 2018); *United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2020).

When amending § 924(c) in § 403 of the First Step Act, Congress could have authorized district courts to consider sentence reductions for defendants sentenced under prior versions of § 924(c). For example, in § 404 of the First Step Act, Congress authorized full retroactive applications of sections 2 and 3 of the Fair Sentencing Act of 2010. However, Congress declined to extend the benefit of the § 924(c) penalties to previously sentenced defendants. *First Step Act, § 403, 132 Stat. at 5222* ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). Congress did not use the procedural amendment of § 3582(c)(1)(A) as a mechanism to modify § 924(c) penalties on an ad hoc basis. Nor did Congress use that amendment to indirectly alter the sentencing scheme, affording individual judges a parole-like power that Congress specifically acted in 1984 to abolish, or a clemency function that the Constitution affords exclusively to the President. Thus, Al-Hassan cannot use the compassionate-release

statute to re-litigate the fairness of his final sentence. *See United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006) ("[I]n the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence."). Allowing defendants to do so would undermine the finality of sentences, a concept "essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989) (explaining that, "[w]ithout finality, the criminal law is deprived of much of its deterrent effect.").

In addition to the case law cited above, the Sixth Circuit just issued *United States v. Tomes*, Case No. 20-6056 (6th Cir. March 9, 2021) (published) (Westlaw citation pending), affirming a district court's denial of a defendant's motion for compassionate release. The defendant in *Tomes* pointed to the First Step Act and argued that "he should receive compassionate release because if he were sentenced today for the same crime, he would not have gotten the sentence he did." Id. at 7. Al-Hassan basically makes the same argument by attacking the "gross disparity created by the legislative changes which mitigated the harshness in the sentencing scheme to which I was exposed." (*See ECF No. 52, Page ID 301*).

In *Tomes*, the Sixth Circuit applied the non-retroactivity clause in § 401(c) covering "prior drug felonies"—which is identical to the non-retroactivity clause in § 403(b) that covers § 924(c) offenses. *See* First Step Act of 2018, Pub. L. No. 115-391, §§ 401(c) and 403(b), 132 Stat. 5221. The defendant's sentence in *Tomes* had "been imposed as of the Act's enactment, making § 401 inapplicable." *Tomes* at 7 (citing *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019)). The same timing applied for Al-Hassan's sentence and § 403. *See id.* (citing *United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2018) ("Congress has, in essence, drawn a line in the sand. Defendants sentenced after December 21, 2018, may benefit from Congress's amendment to § 924(c), but defendants sentenced before that date, [like Al-Hassan], cannot.")). The Court refused to "render § 401(c) useless by using § 3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Id.* at 7. Al-Hassan cannot skirt the identical provision in § 403(b). Section "3582(c)(1)(A) [i]s not an appropriate vehicle for [a defendant] to attack his sentence." *Id.*

## III.  Conclusion

For the reasons set forth above, Al-Hassan's motion for a reduction in sentence must be denied.

Respectfully Submitted,

SAIMA S. MOHSIN
Acting United States Attorney

*s/Jeanine Brunson*
Jeanine Brunson
Assistant US Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9597

Date: March 16, 2021             jeanine.brunson@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 16, 2021, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification of the filing to all ECF users of record.

I further certify that the pro se litigant in this case cannot be served by the Court's ECF system and would traditionally be served by mail. Travel restrictions imposed by the partial closure of our office due to the Covid-19 pandemic have limited the access of USAO personnel to printers and postage and the frequency of trips to a post office. As such, by March 23, 2021 at the latest, the government will mail this response to:

Yousif Al-Hassan
Reg. No. 49862-039
FCI Gilmer
P.O. Box 6000
Glenville, WV 26351

*s/Jeanine Brunson*
Jeanine Brunson
Assistant US Attorney