UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 14-20250

YOUSIF AL-HASSAN

        Defendant.
_____/

### OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

Defendant Yousif Al-Hassan pleaded guilty to two counts of interference with commerce by robbery, 18 U.S.C. § 1951, and two counts of brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A) during a series of 2014 armed robberies at gas stations in Detroit. (ECF No. 28.) Although his sentencing guideline range was 417-425 months, Al-Hassan received a variance. (*Id.,* PageID.93.) On December 4, 2014, the court sentenced Defendant to 222 months imprisonment. (ECF No. 34.)

Defendant has filed a "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)" (ECF No. 52.) He argues that the amendments made by § 403 of the First Step Act of 2018 should be applied retroactively, and if he were sentenced today, his firearm convictions would not "stack" in the same way that they did when he was sentenced. Defendant argues that this legislative change, his youth, and his rehabilitative efforts qualify as extraordinary and compelling reasons that warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A). The court has reviewed the

record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, Defendant's motion will be denied.

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, when a prisoner moves for compassionate release, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply, and courts are to ignore it. *Jones*, 980 F.3d at 1111; *accord United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). To obtain compassionate release, a prisoner must nevertheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Defendant's circumstances are not extraordinary or compelling. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as "one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.).

Defendant claims that the "gross disparity created by the legislative changes" of the First Step Act, along with his "youth and rehabilitative efforts," qualify as "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). However, the changes to § 924(c)'s stacking requirement are not "extraordinary and compelling reasons," and Sixth Circuit precedent makes clear that a compassionate release motion is not the proper method for pursuing resentencing based on non-retroactive changes in statutory sentencing provisions.

First, as pointed out by the Government, Congress has decided not to make the First Step Act's changes to § 924(c) apply retroactively to defendants like Al-Hassan, who had already been sentenced. Congress could have decided to make the changes apply retroactively, such as with the application of sections 2 and 3 of the Fair Sentencing Act of 2010; however, Congress chose not to do so. *First Step Act, § 403,*

*132 Stat. at 5222* ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of the enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.") And, the Sixth Circuit has expressly held that the First Step Act's reforms to 924(c) do not apply retroactively "to defendants sentenced before the passage of the [First Step] Act." *United States v. Jarvis*, 999 F.3d 442, 443 (6th Cir. 2021) (citing *United States v. Richardson*, 948 F.3d 733, 744-45, 753 (6th Cir. 2020).

As the government correctly points out, Al-Hassan "cannot use the compassionate-release statute to re-litigate the fairness of his final sentence," as allowing defendants to do this would undermine the finality of sentences. *See United States v. Dotz,* 455 F.3d 644, 648 (6th Cir. 2006) ("[I]n the sentencing context, there is simply no such thing as a "motion to reconsider" an otherwise final sentence."). The Sixth Circuit has established that § 3582(c)(1)(A) "does not give district courts a license to 'end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms.'" *Jarvis,* 999 F.3d at 444 (quoting *United States v. Tomes,* 990 F.3d 500, 505 (6th Cir. 2021)).

The *Jarvis* decision is directly on point and makes clear that Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) because of Congress's non-retroactive changes to § 924(c). In *Jarvis*, the defendant would have received a much lower sentence if he had been sentenced after the First Step Act's non-retroactive reforms to § 924(c). *Id.* at 443 ("Were [defendant] sentenced today under these changes, his second § 924(c) [firearm] conviction would generate a statutory minimum of 5 years rather than 20 years.") The defendant argued—as Al-

Hassan does here—"that even if the First Step Act's amendments do not amount to an extraordinary and compelling reason on their own, they meet the standard when combined with three other considerations: COVID-19, his high blood pressure, and his rehabilitative efforts." *Id.* at 444. The Sixth Circuit rejected this line of reasoning, holding that "[t]he text of these sentencing statutes does not permit us to treat the First Step Act's non-retroactive amendments, whether by themselves or together with other factors, as 'extraordinary and compelling' explanations for a sentencing reduction." *Id.* (citing *Tomes*, 990 F.3d at 505). *See also United States v. Wills,* 997 F.3d 685, 688 (6th Cir. 2021) (holding that § 401 of the First Step Act does not apply retroactively and that the amendment cannot be an extraordinary and compelling reason for early release, as "the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced.")

Since the court cannot consider non-retroactive changes to § 924(c), Al-Hassan's remaining reasons for relief—youth and rehabilitative efforts—clearly do not justify the extraordinary remedy of an early release from a proper sentence. 18 U.S.C. § 3582(c)(1)(A). *See United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (citing 28 U.S.C. § 994(t)) ("Congress has made clear that rehabilitation 'alone' does not provide a proper basis for [compassionate release]."); *United States v. Jackson*, No. 16-20460-7, 2021 WL 2217509, at *6 (E.D. Mich. June 2, 2021) (Goldsmith, J.) ("[Defendant's] age at the time of the offense—roughly 18 to 24—is not so extraordinary that it warrants a sentence reduction."). Furthermore, the court notes that the sentencing guideline range for Defendant's offenses was 417-425 months imprisonment

5

so Defendant already received a sentence well below the guideline range. (ECF No. 52, PageID.301.)

In all, because there are no extraordinary and compelling reasons for release, the court need not consider Defendant's § 3553 sentencing factors. *See Elias*, 984 F.3d at 518-19 ("When any of the . . . prerequisites listed in [Section] 3582(c)(1) is lacking," courts "do not need to address the others."). Accordingly,

IT IS ORDERED that Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)" (ECF No. 52) is DENIED.

                                                s/Robert H. Cleland             /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:  August 6, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 6, 2021, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                 /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Criminal\14-20250.AL-HASSAN.MotionforSentenceReduction.NF.AAB.docx